UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BROTHERHOOD MUTUAL INSURANCE COMPANY, </br></br>  Plaintiff(s), </br></br> v. </br></br> EVANGELICAL FREE CHURCH OF AMERICA, et al., </br></br>  Defendant(s). | Case No. 4:21-cv-00086-SRC |

## Order

Brotherhood moves to dismiss with prejudice count 6 of its Complaint pursuant to Federal Rule of Civil Procedure 41(a)(2). Doc. 94. Zurich, the defendant against whom Brotherhood levies count 6, opposes the motion, noting that the parties have fully briefed its pending motion for summary judgment and arguing that dismissal at this stage would prejudice it. Doc. 99.

Zurich contends that "a dismissal pursuant to Rule 41(a)(2) is not one of right but rather a matter for the discretion of the trial court." Doc. 99 at p. 2 (quoting *Ampleman v. Trans States Airlines, Inc.*, 204 F.R.D. 437, 438 (E.D. Mo. 2001)). Zurich argues that the following considerations must guide the Court's discretion: "When determining whether to allow a voluntary dismissal without prejudice, a district court should consider whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *SnugglyCat, Inc. v. Opfer Commc'ns, Inc.*, 953 F.3d 522, 526 (8th Cir. 2020); *see* Doc. 99 at p. 2 (citing *SnugglyCat, Inc.*, 953 F.3d at 526).

By its terms, the rule in *SnugglyCat* applies only to motions to dismiss *without* prejudice. Some authority, moreover, suggests that district courts lack discretion to deny a plaintiff's motion to dismiss with prejudice because an unwilling plaintiff should not be forced to go to trial. *See Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964) ("We find it was an abuse of discretion on the part of the [trial court] to deny the plaintiff's motion for dismissal of the actions with prejudice. . ."); *see also Shepard v. Egan*, 767 F. Supp. 1158, 1165 (D. Mass. 1990) ("[I]t it difficult, both practically and logistically, to imagine a court denying a plaintiff's motion to dismiss her own action with prejudice."). Courts since *Smoot* have generally declined to adopt a per se rule but nevertheless note that a district court will rarely deny a plaintiff's motion to dismiss with prejudice. *See Cnty. of Santa Fe, N.M. v. Public Service Co of N.M.*, 311 F.3d 1031, 1049 (10th Cir. 2002) ("In most cases, the normal analysis will result in the district court granting the plaintiff's motion to dismiss with prejudice.").

When a plaintiff seeks to dismiss its case with prejudice, the Court also questions whether it has before it a case or controversy under Article III of the United States Constitution. The Court need not resolve that issue here.

While the logic of the rule in *Smoot* compels dismissal of the case, even applying the test set out in *SnugglyCat*, the Court concludes that it should grant Brotherhood's motion. First, the Court finds that Brotherhood made its motion to dismiss in good faith and for a proper purpose. As explained below, only one count of its six-count complaint remains unresolved and the trial on that one count quickly approaches. Second, the Court finds that dismissal would not result in a waste of judicial time and effort. Lastly, Zurich does not show that dismissal will prejudice it. A dismissal with prejudice operates as an adjudication on the merits in Zurich's favor, a favorable outcome for Zurich. Zurich's only claim of prejudice is that it might need to file a

2

lawsuit in the future should the Court dismiss the count against it.  However, courts generally "grant dismissals where the only prejudice . . . is that resulting from a subsequent lawsuit." *Paulucci*, 826 F.2d at 782.  Applying the test in *SnugglyCat*, the Court dismisses count 6 with prejudice.

Dismissal of count 6 fully resolves the case.  The Court granted judgment on the pleadings to Brotherhood on count 1 of its complaint and dismissed count 2 as moot.  Doc. 65.  In the same Order, the Court concluded that Brotherhood does not owe Friz a duty to indemnify because of the expected-or-intended exclusion in the Evangelical Free Church's insurance policy.  *Id*. at pp. 14–15.  Brotherhood and Friz later filed a stipulation setting out their agreement that Brotherhood does not owe Friz a duty to defend either.  Doc. 68.  This entitles Brotherhood to judgment on count 3, and, because the Court did not address Brotherhood's alternative arguments raised in counts 4 and 5, the Court now dismisses those as moot.

Accordingly, the Court grants Brotherhood's [94] motion to dismiss count 6 with prejudice and for entry of judgment.  The Court denies as moot the parties' [98] joint motion for extension of time to complete mediation and Zurich's [59] motion for summary judgment.  A separate judgment accompanies this Order.

So Ordered this 31st day of January 2022.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE

3